RICK ROSKELLEY, Bar # 3192
WESLEY SHELTON, Bar # 9186
LITTLER MENDELSON
3960 Howard Hughes Parkway, Suite 300
Las Vegas, Nevada 89169.5937
Telephone:    702.862.8800
Fax No.:        702.862.8811

Attorneys for Defendant
CONSOLIDATED REALTY, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROY LEE ADDINGTON and CHARELL WILLIAMS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>CONSOLIDATED REALTY, INC.,<br><br>                    Defendant. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§1331; 1441(B) and (C) and 1446]** |

TO THE ABOVE ENTITLED COURT:

NOTICE IS HEREBY GIVEN that Defendant, CONSOLIDATED REALTY, INC., hereby removes the above-entitled action from the Eighth Judicial District Court, in and for the County of Clark, to the United States District Court, in and for the District of Nevada, pursuant to 28 U.S.C. §§ 1331, 1441(b) and (c), and 1446. This removal is based upon federal question jurisdiction and is timely. In support of this notice of removal, Defendants state to the Court as follows:

1.    On February 22, 2008, an action was commenced in the Eighth Judicial District Court of Clark County, Nevada, entitled *Roy Lee Addington at al. v. Consolidated Realty, Inc.,* designated as Case No. A557721. A copy of the Complaint is attached hereto as **Exhibit "A"**.

/ / /

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

1        2.     Defendant CONSOLIDATED REALTY, INC. was formally served and received a

2    copy of the Complaint on February 28, 2008.  There are no other defendants in this matter.

3        3.     Plaintiffs' Complaint purports to state a cause of action for unpaid overtime and

4    minimum wages under the Fair Labor Standards Act ("FLSA") in violation of 29 U.S.C. §§ 206 and

5    207.  The Complaint is a civil action in which this Court has original jurisdiction under the

6    provisions of 28 USC § 1331.  Therefore, the Complaint may be removed to this Court pursuant to

7    the provisions of 28 USC § 1441(a), (b) and (c) and 28 USC § 1446 in that:

8            a.     Plaintiffs allege that this action arises under 29 USC § 216(b).  **Complaint ¶**

9    **1**. Plaintiff purports to represent "the interests of the plaintiff class and serve as adequate

10   representative plaintiffs on behalf of the plaintiff class" in a collective action under 29 USC §

11   216(b).  **Complaint ¶¶ 1 and 13-22**.  Plaintiffs assert that Defendant has violated the provisions of

12   the FLSA which require that all eligible employees who perform work be paid a minimum wage for

13   all work performed. **Complaint ¶ 21 and 34**.  Plaintiffs further assert that Defendants has violated

14   the provisions of the FLSA in which require payment of overtime for all hours worked in excess of

15   forty hours per week. **Complaint ¶¶ 25, 31 and 34**.

16           b.     The United States Supreme Court has held that complaints pleading a cause of

17   action under the FLSA are removable to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*,

18   123 S. Ct. 1882 (2003).

19       4.     The Court also has supplemental jurisdiction over any remaining state law claims

20   pursuant to 28 U.S.C. § 1367, and jurisdiction over any separate and independent claims as provided

21   in 28 U.S.C. § 1441(c).

22       5.     Venue is proper in this Court, as this is the court for the district and division

23   embracing the place where the action is pending in state court.  28 U.S.C. §§ 108 and 1441(a).

24   / / /

25   / / /

26   / / /

27   / / /

28

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169.5937
702.862.6600

1    WHEREFORE, Defendant prays that the above-referenced action now pending against them

2 in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark be

3 removed there from to this Court.

4

5    Dated:   March 18, 2008.

6                                         Respectfully submitted,

7

8

9    RICK ROSKELLEY, ESQ.
     WESLEY SHELTON, ESQ.
10   LITTLER MENDELSON

11   Attorneys for Defendant
     CONSOLIDATED REALTY, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.

1

## **PROOF OF SERVICE**

2      I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the

3 within action.   My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas,

4 Nevada 89169.5937.  On March 18, 2008, the following document(s) were served on the party(ies)

5 below:

6

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

7

8
By **CM/ECF   Filing** – with the United States District Court of Nevada, a copy of the Court's notification of e-filing is **attached** to the hard copy for either faxing, mailing, overnight delivery, and/or hand-delivery.

9

10
☒  By **United States Mail** – a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

11

12
By **Facsimile Transmission** – the transmission was reported as complete and without error.  A copy of the transmission report, properly issued by the transmitting machine, is **attached** to the hard copy. The names and facsimile numbers of the person(s) served are as set forth below.

13

14
By **Overnight Delivery** – by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

15

16
By **Hand-Delivery** – **via runner**, a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

17
Anna Y. Park, Esq.
Dana Johnson, Esq.

18
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor

19
Los Angeles, CA  90012

20

21
I declare under penalty of perjury that the foregoing is true and correct.

22
Executed on March 18, 2008, at Las Vegas, Nevada.

23

24
*Reneé M. Williams*

25
Reneé M. Williams

Firmwide:84505038.1 052326.1000

26

27

28

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

4.

**EXHIBIT "A"**

**COMP**
Mark R. Thierman,
NSB 8285
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500
Fax (775) 703-5027
laborlawyer@pacbell.com

Leon Greenberg,
NSB 8094
A Professional Corporation
633 South 4th Street - Suite 9
Las Vegas, Nevada 89101
Telephone (702) 383-6085
Fax (702) 385-1827
wagelaw@aol.com

Malik W. Ahmad
NSB 10305
Law Office of Malik W. Ahmad
320 E. Charleston Avenue # 203
Phone (702) 448-7981
Fax (702) 966-3117
Las Vegas, Nevada 89104
Malik11397@aol.com

Attorneys for Plaintiffs

ORIGINAL

FILED

FEB 22  2 13 PM '08

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ROY LEE ADDINGTON and CHARELL WILLIAMS, individually and on behalf of all others similarly situated, | Case No.: A557721 XXII |
| Plaintiffs, | |
| v. | |
| CONSOLIDATED REALTY INC. | |
| Defendants. | |

## CLASS ACTION COMPLAINT FOR VIOLATION
## OF STATE AND FEDERAL LABOR LAWS

Now comes Plaintiff, for themselves and all others similarly situated and allege the following upon personal knowledge as to themselves and their own acts and upon information

[1]

CLERK OF THE COURT
FEB 22 2008
RECEIVED

and belief as to all other matters:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), which provides, "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Consent to sue forms have been filed with this Complaint.

2.     Venue is proper in the District Court of Nevada, Eight Judicial District, because Defendant conducts business in Clark county Nevada, Plaintiffs reside in Clark County, Nevada, Plaintiffs worked for defendant in Las Vegas, and the acts complained of herein happened in or around Las Vegas.

## BACKGROUND AND PARTIES

2.     Plaintiffs ROY LEE ADDINGTON and CHARELL WILLIAMS (the "individual plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against defendant CONSOLIDATED REALTY INC. ("Consolidated" or "defendant").

4.     Consolidated is a Nevada Corporation and is engaged in the business of selling real estate at more than 10 properties located in Nevada, Florida and Hawaii.

5.     Consolidated derives over $100 million per year of revenue from the developing, marketing, management and sales of fractional interests in "time-share" condominiums and resorts.

6.     Less than fifty (50) percent of Consolidated's dollar volume of sales is made within any one state in which any of its establishments are located, such that Consolidated is not primarily engaged in selling to or serving customers within this or any other single State.

[2]

7.     The individual plaintiffs were employed as salespersons in Consolidated's Las Vegas time share sales business during the three years immediately preceding the filing of this lawsuit.  Consolidated paid the individual plaintiffs and all other sales persons on a commission-only basis.

8.     Upon information and belief, Consolidated employed hundreds of such inside sales persons within the United States on a commission only basis within the last three years.

9.     The individual plaintiffs seeks certification of this case as a collective action of all salespersons who worked for Consolidated within the last three (3) years immediately preceding the filing of the Complaint, pursuant to 29 U.S.C. §216(b).

**FACTUAL ALLEGATIONS**

10.    Consolidated employs salespersons like the individual plaintiffs who either work on defendant's premises selling time share (fractional real estate) interests or getting prospective customers to take tours (participate in sales presentations) of time share properties, all such salespersons being paid solely on a commission basis

11.    Consolidated pays its sales force on commission-only basis.  The amount of their pay does not depend upon the number of hours they worked in a given workweek, but upon the number of timeshare sales they make or customers they persuade to take timeshare tours.  They do not receive any guaranteed pay per workweek or any guaranteed minimum hourly wage.  Consolidated salespeople regularly work in excess of forty (40) hours per week.

12.    Consolidated, which is in the business of selling real estate, is not engaged in an industry having a "retail concept" as that term is defined by the United States Department of Labor at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

[3]

13.     Pursuant to Section 16(b) of the FLSA, the individual plaintiffs bring this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of themselves and all persons similarly situated within the class of salespersons employed by Consolidated within three (3) years of the filing of this Complaint until entry of judgment after trial.

14.     In respect to the Nevada statutory claims set forth in the Second and Third Claims for relief, and the breach of contract and conversation claims set forth in the Fourth and Fifth Claims for relief, the individual plaintiffs bring this action as a class action pursuant to N.R.C.P Rule 23 on behalf of themselves and a subclass (the "Nevada Subclass") of all similarly situated salespersons employed by Consolidated in the State of Nevada and/or a class of all similarly situated salespersons employed by Consolidated in the United States who sustained damages from defendant's breach of its contracts with its salespersons and acts of conversion within three (3) years or six (6) years or such other applicable statute of limitations of the filing of this Complaint until entry of judgment after trial.

15.     Plaintiffs are informed and believe, and based thereon allege that there are at least 1000 putative class members nationwide and over 500 Nevada Subclass members. The actual number of class and subclass members is readily ascertainable by a review of Consolidated's records through appropriate discovery.

16.     The number of class members is so numerous that joinder is impracticable and would involve hundreds or thousands of actions. Disposition of these claims in a class and/or collective action rather than in individual actions will benefit the parties and the Court.

17.     There is a well-defined community of interest in the questions of law and fact affecting the class and the Nevada Subclass as a whole.

[4]

18.     Proof of a common or single set of facts will establish the right of each member of both classes to recover.  These common questions of law and fact predominate over questions that affect only individual class members.  The individual plaintiffs' claims are typical of those of the class and the Nevada Subclass.

19.     A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy.  Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since 1) the employer's practices were uniform; 2) the burden is on the employer to prove any exemption, and 3) the burden is on the employer to disprove the hours of overtime claimed by the employees.

20.     The individual plaintiffs will fairly and adequately represent the interests of the class and the Nevada Subclass, and have no interests that conflict with or are antagonistic to the interests of the class or the Nevada Subclass.

21.     The individual plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

22.     There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendant and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

**FIRST CLAIM FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT**

23.     The individual plaintiffs repeat the allegations set forth in paragraphs 1 through

22 as if each were separately and completely set forth herein.

24.    The defendant Consolidated is in the business of developing and marketing time-share condominiums and resorts.  Defendant is a real estate company required to be licensed by the Real Estate licensing authorities in the states in which it does business and many, most, or all of the inside sales persons within the overtime class described above are required to be licensed by the states in which they conduct business.

25.    The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

26.    There is an exemption from overtime compensation for inside salespersons employed by a retail establishment who are paid on a commission basis.  Specifically, the relevant portion of the FLSA provides:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee *of a retail or service establishment* for a workweek in excess of the applicable workweek specified therein, if: (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title; and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. [Emphasis added.]

27.    The United States Code, 29 U.S.C. § 213(a)(2), defines the term "retail or service establishment" as an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry.

28.    The United States Department of Labor has defined the term "retail or service

[6]

establishment" and recognized as retail sales or services in the particular industry at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations.

29.    The business "of developing and marketing time-share condominiums and resorts" is not a retail business as that term is defined by the United States Department of Labor at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations.

30.    Specifically, at 29 CFR 779.317, the United States Secretary of Labor has concluded that "real estate companies" do not have a "retail concept" and the sales people they employ are not exempt from overtime pursuant to 29 U.S.C. § 207(i).

31.    By their conduct, as set forth herein, defendant violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek and at certain times violated 29 U.S.C. § 206 by failing to pay a minimum wage to employees during certain weeks of employment.

32.    As a result of the unlawful acts of defendant, the individual plaintiffs and the Plaintiff class members have been deprived of overtime pay and/or minimum wages in amounts to be proven at trial.

33.    At all relevant times, defendant was aware of the duties performed by the individual plaintiffs and the FLSA Class.  Defendant was also fully aware that the duties of the individual plaintiffs and the FLSA Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

34.    Defendant's violations of 29 U.S.C. §207(a) and 29 U.S.C. § 206 were repeated, willful and intentional.

35.    The individual plaintiffs, on behalf of themselves and all of the FLSA class members who chose to join this action by filing written consents to joinder with the Court,

[ 7 ]

demand judgment against defendant for the unpaid balance of overtime compensation and/or minimum wages, plus an equal amount as liquidated damages, along with reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

## SECOND CLAIM FOR RELIEF UNDER NEVADA'S LABOR LAWS

36.      The individual plaintiffs repeat the allegations set forth in paragraphs 1 through 35 as if each were separately and completely set forth herein.

37.      The individual plaintiffs brings this Second Claim for Relief against the defendant pursuant to NRS § 608.016 and NRS § 608.100 for payment of their full earned wages and all wages owed to them under any statute, NRS § 608.250, for non-payment of minimum wages, NRS § 608.018, for non-payment of overtime wages and NRS § 608.019, for payment of unpaid rest periods, on behalf of themselves and the Nevada Subclass members.

38.      Pursuant to NRS § 608.016 and NRS § 608.100 the plaintiffs were entitled to the payment of their full wages for each hour or portion thereof that they worked in the amount promised by their contract of employment and the plaintiffs were also entitled to the full payment of any wages required by any statute or regulation; they could not be required to rebate or return to their employer any wages that they had earned; they could not be paid compensation in an amount that was lower than what they were to be paid for their work when the work was performed; and they could not have their compensation decreased unless they were advised seven days prior to performing the work subject to a decrease in compensation of the decrease in their compensation.  Pursuant to NRS § 608.250 the plaintiffs were entitled to an hourly minimum wage and pursuant to NRS § 608.018 they were also entitled to the payment of wages at time and one-half their normal hourly rate when they worked in excess of 8 hours a day or 40 hours a week, and the plaintiffs were not paid such required wages.

[8]

39.     Pursuant to NRS § 608.019 the plaintiffs were entitled to paid rest time equal to 10 minutes for every 4 hours of work or major fraction thereof each day and the defendant failed to provide the paid rest time required by such statute.

40.     The individual plaintiffs on behalf of themselves and the Nevada Subclass members, seek, on this Second Claim for Relief, a judgment against defendant for unpaid wages and compensation and/or minimum wages and/or overtime wages and unpaid rest time, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs, and also seek an award of attorney's fees, interest and costs, as provided for by Nevada Law.

### THIRD CLAIM FOR RELIEF UNDER N.R.S. § 608.040

41.     The individual plaintiffs repeat the allegations set forth in paragraphs 1 through 40 as if each were separately and completely set forth herein.

42.     The individual plaintiffs bring this Third Claim for Relief pursuant to Nevada Revised Statutes § 608.040.

43.     Some or all of the individual plaintiffs, and numerous members of the Nevada Subclass, prior to the initiation of this litigation, were discharged or resigned from their employment with the defendant and at the time of such discharge or resignation were owed unpaid wages by the defendant.

44.     The defendant has failed and refused to pay such individual plaintiffs and numerous members of the Nevada Subclass their earned but unpaid wages, such conduct by the defendant constituting a violation of N.R.S. § 608.020, or § 608.030 and giving rise to a claim under N.R.S. § 608.040.

45.     As a result of the foregoing the individual plaintiffs seek on behalf of themselves

[ 9 ]

and numerous similarly situated members of the Nevada Subclass, a judgment against the defendant for the penalty prescribed by Nevada Revised Statutes § 608.040, to wit, for a sum equal to up to thirty days wages, along with interest, costs and attorney's fees.

### FOURTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT

46.     The individual plaintiffs repeat the allegations set forth in paragraphs 1 through 45 as if each were separately and completely set forth herein.

47.     That pursuant to a written contract or series of written contracts the defendant promised to pay the individual plaintiffs and the members of the plaintiff class certain commissions in exchange for their work as salespersons for the defendant.

48.     The defendant breached the aforesaid contracts in that pursuant to such contracts the individual plaintiffs and the members of the plaintiff class should have received certain commissions which the defendant failed to pay the individual plaintiffs and the members of the plaintiff class.

49.     Upon information and belief, the aforesaid contracts were uniform within the United States and all subject to the same governing law, or if they were not, then the contracts used by the Nevada Subclass were uniform.

50.     On this Fourth Cause of action for breach of contract the individual plaintiffs seek class certification, either on behalf of all commissioned timeshare salespersons of the defendant nationwide or only on behalf of the Nevada subclass.

51.     As a result of the foregoing the individual plaintiffs seek on behalf of themselves and numerous similarly situated members of the Nevada Subclass or a class of all of defendant's commissioned timeshare salespersons in the United States a judgment against the defendant for the sums of money owed to such persons as a result of the defendant's breach of its written

[10]

contracts to pay such persons commissions, along with interest, costs and attorney's fees.

## FIFTH CLAIM FOR RELIEF FOR CONVERSION

52.     The individual plaintiffs repeat the allegations set forth in paragraphs 1 through 51 as if each were separately and completely set forth herein.

53.     The plaintiffs as a condition of their employment with the defendant had to maintain certain "reserve" funds with the defendant, such reserve funds being accumulated from the commissions that the plaintiffs were owed by the defendant.  Upon information and belief such "reserve funds" were typically three or four thousand dollars in amount for each plaintiff.

54.     The reserve funds held by the defendant from the plaintiffs were intended to cover any loss to the defendant in the event the defendant paid the plaintiffs sales commissions that the defendant was later entitled to reclaim ("charge back") from the plaintiffs pursuant to the contact between the defendant and the plaintiffs.

55.     The reserve funds were, unless charged back against by the defendant, fully the property of the plaintiffs, and were acknowledged by the defendant to be the plaintiffs' property except to the extent that any "charge backs" were applied against the reserve funds.

56.     Upon termination of the plaintiffs' employment with the defendant, and the passing of any time period under which the defendant was entitled to make a "charge back" against the plaintiffs' reserve funds, the defendant was obligated to release the remaining monies in such reserve funds to their respective plaintiffs, such monies being the vested property of the plaintiffs.

57.     The defendant's relationship to the reserve funds was that of bailee or custodian lacking any legal right to the reserve funds beyond its aforesaid limited in time "charge back" rights.

[11]

58.     Despite having a duty to deliver the reserve funds to the plaintiffs upon the expiration of its "charge back" rights the defendant converted such reserve funds and willfully failed and refused to deliver such funds to the plaintiffs.

59.     As a result of the foregoing the individual plaintiffs seek on behalf of themselves and numerous similarly situated members of the Nevada Subclass or a class of all of defendant's commissioned timeshare salespersons in the United States a judgment against the defendant for the sums of money owed to such persons as a result of the defendant's conversion of the plaintiffs' reserve funds along with an award of punitive damages in excess of ten thousand dollars ($10,000.00) on behalf of each plaintiff, along with interest, costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, individual plaintiffs and the plaintiff class members demand judgment against defendant as hereinafter set forth, including, *inter alia*:

(a)     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct defendant to provide a list of all persons employed by it as salesperson during the past three (3) years, including the last known address and telephone number of each person, so that the individual plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;

(b)     Determine the damages sustained by the individual plaintiffs and the plaintiff class members as a result of defendant's violations of 29 U.S.C. §216(b), and award those damages against defendant and in favor of the individual plaintiffs and all members of the FLSA Class, plus an additional equal amount as liquidated damages under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

(c)     Certify the individual plaintiffs' claims under Nevada's statutes and for breach of contract and conversion pursuant to N.R.C.P. § 23 as a class action and award an appropriate judgment against the defendant for damages to the individual

[12]

plaintiffs and the Nevada Subclass members and/or the nationwide class of defendant's commissioned timeshare salespersons who sustained damages from the defendant's breach of their contracts and acts of conversion;

(d)     Award Plaintiffs and Plaintiff class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

(e)     Grant Plaintiff and the Plaintiff class members such other and further relief as the Court may deem just and proper.

Plaintiff further demands a trial by jury on all issues so triable.

<div style="margin-left: 40%">

Submitted by the attorneys for the
Plaintiffs and the Class,
Leon Greenberg Professional Corporation


By:_____
        Leon Greenberg, Esq.
        Nevada Bar No.: 8094
        633 South 4th Street - Suite 9
        Las Vegas, Nevada 89101
        (702) 383-6085

</div>

[13]

CONSENT TO JOINDER

                              Charell Williams by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Charell Williams

CONSENT TO JOINDER

Roy Lee Addington by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Roy Lee Addington

ⒺⓇⒾⒼⒾⓃⒶⓁ   ●FILED

30

FEB 22 2008

CHARLES J. SHORT, Clerk of the Court

By Pat Busch
                                    Deputy

1 | IAFD
2 | Leon Greenberg, Esq, Professional Corp.
  | Bar No. 8094
3 | 633 S. 4th St.-# 9  Las Vegas, NV  89101
  | 702-383-6085
4 | Attorney for Plaintiffs

5 |            DISTRICT COURT

6 |        CLARK COUNTY, NEVADA

7 |

8 | ROY LEE ADDINGTON and
9 | CHARELL WILLIAMS

10 |           Plaintiff(s),      CASE NO.  Case No. A 557721

11 |        -vs-                  DEPT. NO.  Dept. No.  XXII

12 | CONSOLIDATED REALTY INC.

13 |

14 |           Defendant(s).

15 |

16 |    **INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

17 |    Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are

18 | submitted for parties appearing in the above entitled action as indicated below:

19 | ROY LEE ADDINGTON                    ☑ $ 148.00 or ☐ $101.00

20 | CHARELL WILLIAMS                                    30.00

21 |

22 |

23 | ☐ Total of Continuation Sheet Attached

24 | TOTAL REMITTED: (Required)                          178.00

25 |

26 |    DATED this  22 day of  FEBRUARY , 200 8 .

27 |                              LEON GREENBERG, ESQ
28 |                              633 S. 4TH ST. #9
   |                              LAS VEGAS, NV  89101
   |                              702-383-6085

Initial Appearance Fee Disclosure.doc/10/2005

CLERK OF THE COURT   FEB 2? 2008   RECEIVED